2018-10-11, Mr. Shepard. Next case is the Gerson Company v. United States 2018-10-11, Mr. Shepard. Good morning, Your Honors. Please excuse the court. My name is Ralph Shepard. I'm representing the Gerson Company. This is a customs classification matter on the correct classification for a lamp that is operated using light-emitting diodes under the electroluminescence process. The lower court, in making its decision, paid undue emphasis on extraneous materials, explanatory notes, and we believe did not conduct a proper statutory analysis or analysis of the language of the statute. Do you agree that the candles have a decorative function as well as an illumination function? The illumination function is in a package that is decorative, I would say, yes. There's no question there, but in terms of the tariff provisions involved, there's no limitation within the provision 85-43-70-70 on what the article is a part of. If it's a lamp, it's a lamp, regardless of whether it's a... Because 9405 is entitled lamps. It is, and 9405 also has specific exclusions that lamps, unless provided elsewhere in the tariff schedule, and also the chapter. 85 similarly has unless included elsewhere, but how about the explanatory note in 85 that talks about certain electrical goods not generally used independently, and the lamps in issue are used independently? Well, that's in 95 as opposed to 85-43, I believe. No, it's 85-43, it's where the not used independently language is. Okay. Well, the explanatory notes are not limiting, they may be used as a reference, but if the language of the tariff schedule is clear, that the articles of heading 85-43 include electric luminescent lamps, there's no limitation on individual use. Even the heading language, electrical machines and apparatus, how does a decorative candle fall within that? Because it's operated, the core element of it is a light, which is an apparatus. But its primary function really is decorative, right? I mean, that's what you use tea lights for. Its form and function is illumination primarily. I mean, lights come in all different shapes, sizes, purposes. 9405 is not just decorative lamps. There are multiple headings. The heading that the court chose was a residual heading that would also include utility lamps or other industrial lamps or other lamps that have no decorative function. So, decorative is not a controlling feature of 9405, nor is it... What types of electric lamps, under your reading, would ever fall under 9405? Well, by Congress creating a subheading under 85-43-70, entitled electric luminescent lamps, it potentially created an ambiguity that conflicted with the language of 9405. However, the resolution of that is not to totally strip 85-43-70 of any content. But we're supposed to start our analysis with the headings, not the subheadings, right? But the legislative interpretation of these headings encompasses the entire statute. The statute in this case is the heading and the subheadings under it. The subheading does not expand, in this case, does not expand the scope of the heading. In fact, it limits it. So, the court is not faced with classification of a lamp that you put an incandescent bulb into or a fluorescent lamp. It's faced with a lamp that is an electro-luminescent lamp. And by putting it there, Congress gave the court the ability to say, okay, well, if there's an ambiguity with 9405, there are restrictive provisions in 9405 that require classification elsewhere, if specified or included. That's the case here. Both of the provisions are what you refer to as basket provisions, right? Well, it's a provision. I'm sorry. 85-43 is a basket provision within Chapter 85, specifically. Not an overall basket provision. But it's a other provision, other articles, but it's other electrical apparatus, so that it's defined. It's not a true basket provision. It's a basket of other electrical articles. And the resolution that the court can reach in this, and the decorative elements, I think, is a red herring. I think that the fact that something is decorative is secondary to its fundamental operation, which is this is a LED device. It could be doing other things as well. Are you saying all LED lamps would fall under this section? Yes. Yes. Congress explicitly provided for electric luminescent lamps in this provision. They didn't limit whether they're decorative or utilitarian or whatever. If there's an ambiguity perceived, it can be resolved by Congress in changing the tariff schedule. What was wrong with the trade court's summation or interpretation of these two subheadings as saying, okay, 9405 is really more about finished goods, and 85-43 is really more about components of larger goods. So the kinds of electric luminescent lamps we're talking about in 85-43 are something that's like a headlight for some larger manufactured goods, like an automobile, whereas the lamps we're talking about in 9405 are standalone goods, like your tea lights. Right. Well, that's not shown in the express language of the statute. But the explanatory notes come through and illuminate what we mean by 85-43, right? Talking in terms of components. But they are not exclusive, and they do not – the explanatory notes cannot restrict the clear language of a statute. The explanatory notes are an international aid, but the court decisions on this are that if the language of the statute is clear, then no ambiguity is shown. The language of the statute is clear. The court agreed that the elements of these lights were satisfied the threshold heading level, but went on to this decorative element in not completing the first-step analysis of Orlando food. So I guess it's your view that there's just no possible type of electric luminescent lamp that could fall within 9405? Well, unless there was a specific provision in 9405 for an electric luminescent lamp. That's the other solution to resolving an ambiguity between the two provisions. But it seems like you want the electric luminescent lamp subheading, assuming we can get all the way down to that subheading, to dominate and control how we read all the other headings and subheadings. Well, it controls if it's classifiable in that provision. It's elsewhere classified under the language of heading 9405 and also chapter note 1F. Are searchlights and spotlights electric luminescent lamps? I don't know. Is it an LED searchlight? You're talking about an LED searchlight? 9405 says lamps and lighting fittings, including searchlights and spotlights. I'm asking you about searchlights and spotlights. Electric luminescent lamps. If the searchlight or spotlight incorporates a light-emitting diode as a source of light for the article, yes, it would be classified under 8543.7070. Counsel, you're into your bottle time. You can continue or save it as you wish. I'll save it. Thank you. Ms. Josephson, is it? Yes. Good morning. May it please the court. The trial court's decision here should be affirmed. The products are properly classifiable in heading 9405 as a lamp because they meet the terms of the heading. They also are not otherwise excluded by note 1F to chapter 94, which excludes lamps of chapter 85, because Gearson's products here are not lamps of chapter 85. To respond to his very last point, which is essentially that under 9405, everything incandescent is supposed to be covered and everything LED is not. And there's absolutely no support for that argument or that analysis here. In fact, the ENs to 9405 instruct that lamps of 9405 can be made of any material and can be using any source of light. So there is no distinction between LED and non-LED. Lamps are lamps. There is no distinction and there's no support, and Gearson actually has not provided any support for that. But you have to get to the notes to get to that point as opposed to looking just at the headings themselves. Well, the headings itself, I mean, lamp, when you look at the common, it's understood in the common and commercial meaning of that term. And when you look at the dictionary definitions of the term lamp, again, there is no distinction between LED or what it's made out of. The distinction, the only thing is it's usually, it can mean two things. It can mean a decorative, usually decorative, even non-decorative finished good, such as, and again, such as a desk lamp, ceiling lamp, a chandelier. Those all would fall under 9405. So what is an electrical apparatus? What is an electrical apparatus? Isn't a tea light an electrical apparatus? Absolutely not. Oh, that's interesting. I mean, I think if you look at it. Why not? So in a technical sense, would that give, given any context to that heading? So I guess to answer the first part, is it, can technically a tea light and candle be considered, that operates by battery, considered an electrical apparatus? Yes. But that doesn't mean that it's included in heading 8543, just because it can, at first blush, you know, meets that term. So that heading has to be understood in the context of the terms of the heading and any explanatory notes that provide guidance. And my opponent here has argued that, you know, ENs should be disregarded in this case. There's no reason for that. This court has numerous times upheld ENs and has found them to be offering guidance and persuasive in certain regards. And there's no reason here to disregard them here. So what would fall under 8543? 8543 would be more so what would be considered the actual source of the light or illumination, such as what would commonly be referred to as a light bulb or strips of lights. So strips, plates of lights. I thought the light bulb, under your analysis, falls under 9405. A light bulb, no. Light bulbs fall under Chapter 85. There are no light bulbs that are classifiable in 9405. The definition of lamp does include light bulbs. When you look at the common and commercial meaning of lamps, they do include both. They include finished goods that are desk lamps, you know, decorative or non-decorative, and they provide illumination. The definition of lamp also includes what's commonly known as light bulbs. Light bulbs fall in Chapter 85. They do not fall in 9405 at all, 9405. Why don't you proffer any dictionary definitions or any other examples of what machine or apparatus means under 8543? I'm sorry, can you repeat that question? Why didn't you proffer any definitions for what machine or apparatus means? Well, the ENs heading 8543 do list the types of goods that fall under 8543, and one of the things that it lists arguably here would be the electroluminescent devices. But again, it defines that in the ENs as plates, strips, or panels where light in between. So it's not a finished good. It's not a candle or tea-like lamp like Gerson's here. So the ENs do explain and clarify what belongs in 8543, and Gerson's products are not. Let me give you an example. What about under-cabinet lighting, strips of LED lights? Strips of LED lights, I'm not 100% sure about that, but I don't believe it would be 9405. I believe that would be possibly 8543 or a Chapter 85 heading. It would not be encompassed by 9405. And again, the ENs to 9405 also provide an illustrative list of what types of goods belong there, and again, they provide illumination for the room. Exactly what Gerson's lights here do. They look exactly like a candle or a tea light, except they're operated by an LED. That's the only difference. So they are properly classified in 9405. That's where they belong. They don't belong in 8543, and they're not included elsewhere or specified elsewhere. And they're also not a lamp of Chapter 85, so they're not excluded by Note 1F. I want to make sure I understand trade classification law here. I know you have to look at the words of the heading, and you have to discern whether they're clear or ambiguous, and then there are these things called explanatory notes. Do you only consult the explanatory notes if you conclude that the terms of the heading are somehow ambiguous or less than clear, or in interpreting the meaning of the headings, you always consider the explanatory notes in conjunction with the actual words recited in the heading? I'm just wondering, is that always an integrated exercise, or are the explanatory notes just something of a backstop, only if, based on just a plain reading of the terms of the heading, you can't figure out what that actually covers? I think the explanatories, and again, as this Court has found previously, they do provide guidance, so you would look at them irrespective of whether the headings are perfectly clear or not. I think they will provide guidance and clarify the terms of a heading. If it was absolutely clear, a heading was absolutely clear, I guess it would depend on the classifier, but generally you would look at the ians, and unless there's a persuasive reason to disregard them, they help in defining the breadth of a heading or what constitutes the products they're in. So here, Gerson also argues that one of the fallacies of Gerson's arguments is that they do jump into the subheading of 8543. That's improper. This Court in R.T. Foods has held that you look at the headings first, and if it's not part of the heading, you don't look any further to any subheadings. Gerson constantly keeps, in its briefs, saying, if eonominate provided in a subheading, the products that eonominate are provided in a subheading. Again, that's the wrong analysis here. The proper analysis here is look at the headings, and in particular here, heading 9405, which provides for lamps. Then you look at Note 1F to Chapter 94. Is it a lamp of Chapter 85? No, it's not a lamp of Chapter 85. Therefore, it remains in 9405. That's the analysis here. But you've got to admit that there's some blurring of the lines between these two chapters. I mean, 94 seems to cover machine lamps, and yet 8543 talks about machines, and then 85 covers flashlights, which would seem to be a pretty simple apparatus. So where do you draw the line? Again, portable lamps, i.e. flashlights, are specifically provided for in Chapter 85. That's why when you look at the Note 1F to Chapter 94, it says lamps of Chapter 85. There's only two headings in Chapter 85 that provide for lamps, specifically main lamps, and that's 8513, which is portable electric lamps. In other words, flashlights is one of the ones in the subheadings. Or the other heading is 8539, which provides for what's commonly referred to as light bulbs, incandescent fluorescent lamps. That's how it's listed there. So there's only two subheadings, I mean, two headings in Chapter 85 that provide for lamps. Gearson's products are in neither of those, and Gearson's not even arguing for those. It's instead arguing for a basket provision that also says that unless, if it's not covered specifically elsewhere in the statute, it doesn't go in 8543. So, again, that is not the correct provision here. Your thought is 8543 is headed electrical machines and apparatus, and 9405, lamps and lighting fittings. Do you think that comparison settles the issue? For 8543? No, in favor of 9405. Yes, it says lamps and lighting fittings. It's clearly a lamp. Gearson's not denying that this is their product. It's not an electrical machine. It's not an electrical machine of heading 8543, no. Because of the explanatory note or because of something else? Because when you look at what that heading is meant to encompass. When you look at the explanatory note. Explanatory notes and when you look at the fact that the heading also says unless it's not specifically covered elsewhere in Chapter 85. But, yes, because the explanatory notes further that and say if it's not specifically covered elsewhere in the statute. And, again, that makes sense here. If you look at what you're classifying, the products that are being classified here, tea lights, candles. If Gearson's argument was to win here, pretty much 9405, which Your Honor kind of alluded to that, searchlights, spotlights. Everything that's in 9405 could be considered an electrical apparatus having an individual function. What would be left in 9405? Gearson thinks that it's only non-LED products that remain in 9405. Again, no support for that. And you would effectively empty out a lot of 9405 if Gearson was to win. It's curious that both 8543 and 9405 each contain the not specified or included elsewhere language. So each one is pointing negatively to the other. Well, it's not. Again, 8543 is an electrical machine or apparatus. 9405 is a lamp. This is a lamp. That's specific. It's a lamp. So that's why, as a safety, the notes are telling you, unless it's a Chapter 85 lamp. 8543, again, in the heading, does not mention lamp. So you wouldn't even get there. If you wanted us to say there are certain kinds of lamps that fall within the subheading of 8543, what would you say that you would want us to say if we had to say something about the kinds of electric luminescent lamps that fall within the subheading of 8543? Again, those aren't Gearson's products here. That's fine, but I'm asking you a question. Sure. What is your conception of what falls within the subheading of 8543 electric luminescent lamps? It's more so bulb-like products. Again, this is where the ENs do describe an electroluminescent device. When you look at the commercial meaning of an electroluminescent lamp, which we've outlined in pages 20 and 21 of our brief, it describes the type of lamp, and Gearson's does not fit in that. So that's what we would ask. The type of products that fit under the subheading are products that are strips, plates, panels of lights, or something akin to a bulb. It's not a finished, good, finished lamp like Gearson's tea light candles, in this case. If there's no further questions, we respectfully ask that the Court affirm the trial court's opinion. Thank you. Mr. Shepard has four minutes if he needs it for rebuttal. Thank you, Your Honor. Just a couple of points. On whether or not this is electrical apparatus, the trial court essentially conceded that it met the criteria for being within the heading. It didn't get to that holding because it then went into the decorative articles analysis and didn't conclude the first step of the two-part analysis that was throughout the decision-making in the area. It's included in Orlando. So the point on the explanatory notes being helpful, in this case it creates ambiguity, it doesn't resolve ambiguity. They're helpful if you're talking about some kind of nonspecific provision. Here this is a very specific provision for electric luminescent lamps. In terms of relying on the explanatory notes as well, the difference between the explanatory notes at the international level and the U.S. statute is that the explanatory notes don't even refer to lamps. They're talking about devices. So it creates the possibility that certain LED devices are classified in 70-70 as lamps and others are electrical apparatus that would be classified in a subsidiary provision below 70-90 or whatever that is. I think the fact that we're tackling something where you get two different chapters involved, in terms of the not elsewhere provided, there are two different kinds of not elsewhere provided. The 9405 is open to the whole tariff schedule. The 8543 is limited to the electrical articles in close proximity to it. It is defined at the level of apparatus and I've dropped the two words, machines and apparatus. RT Foods actually supports our position because RT Foods focuses on looking at the whole statute. Back to the point of what the heading does, you look at the whole statute, there's a subheading that helps define the heading. It makes no sense to have a subheading that is not consistent with underneath the heading that perhaps gives a level of definition to what goes there. We think that ultimately the resolution is that LED article lights, as the government has suggested, strip lights underneath a cabinet are lights. Why aren't they under 9405? It makes sense that they're under 8543 because they're electric luminescent lamps. The resolution would be to put electric luminescent lamps where they are expressly provided for and then permit other non-LED type articles, incandescent or fluorescent, to remain in that other provision. Do you have some evidence on why electric luminescent lamps necessarily refers to an LED lamp? I think it's throughout the record that putting the words together is the article. I think it's common and commercial. One further point, just in terms of underscoring the electrical apparatus part of this, is that these articles have permanent, they're a permanent light. They can't be replaced, they're soldered together as part of the unit. The only thing that has a permanent lamp in chapter 9405 are nameplates or certain kinds of signs. Just in terms of getting out into a store, you don't buy any of those lamps with a bulb. You buy the lamp and then you buy the bulb and then you replace bulbs as time goes along. That's not the case. Thank you, counsel. We have your point and we'll take the case under advisement. Thank you.